UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fish Tale Credit LLC,

        Plaintiff,                    Court File No. 16-cv-4068 (JRT/LIB)

  v.

                              **REPORT AND RECOMMENDATION**

Deloren E. Anderson, et al.

        Defendants.

This matter came before the undersigned United States Magistrate Judge pursuant to an order of referral, [Docket No. 17], made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), and upon Defendants Deloren E. Anderson, Marilyn S. Anderson, and Little Yukon Greenhouse, Inc.'s Motion to Dismiss, [Docket No. 4]. The Court held a hearing on the Motion on May 4, 2017, and the Motion was taken under advisement thereafter.

For the reasons set forth below, the Court recommends that Defendants Deloren E. Anderson, Marilyn S. Anderson, and Little Yukon Greenhouse, Inc.'s Motion to Dismiss, [Docket No. 4], be **GRANTED**.[1]

## I.    BACKGROUND AND STATEMENT OF ALLEGED FACTS[2]

---

[1] Plaintiff's counsel admitted on the record at the May 4, 2017, Motions Hearing that it does not seek money judgments against any of the other Defendants; in the event Plaintiff were able to foreclose on the mortgage at issue, Plaintiff seeks only to quiet title as to any rights the remaining Defendants might have had as to the property which was subject to the Mortgage. (May 4, 2017, Motions Hearing, Digital Record, 10:57-59). Accordingly, if this Report and Recommendation is adopted, there is no independent basis for Plaintiff to continue to proceed against the other Defendants, and the Court would hope the Plaintiff would consider voluntarily dismissing the remaining Defendants as well.

[2] For the purposes of the present Motion to Dismiss under Rule 12(b)(6) or Rule 12(b)(1), the Court accepts the facts alleged in the complaint as true and construes them in the light most favorable to Plaintiffs. See, Carlsen v. Game Stop, Inc., 833 F.3d 903, 908 (2016) (stating that a facial attack on jurisdiction under Rule 12(b)(1) receives Rule 12(b)(6) protection, so a reviewing court must accept as true all facts alleged in the complaint).

On or about September 29, 1999, Defendant Deloren E. Anderson (Mr. Anderson) and Defendant Little Yukon Greenhouse, Inc. (of which Mr. Anderson was president), executed a Promissory Note for the principal amount of $120,000, borrowed from lenders Kay Nicholson and Donna Marie Stinchfield (collectively referred to herein as "the Original Lenders"). (Sec. Amend. Compl., [Docket No. 1-2], 7, 31, 34). As security for the Promissory Note, Mr. Anderson and his wife, Marilyn S. Anderson (collectively, the Anderson Defendants), executed and delivered to the Original Lenders a Mortgage on real property they personally owned. (Id. at 7, 38-40). Additionally, Mr. Anderson signed a Commercial Continuing Guaranty, in which he unconditionally guaranteed the prompt and full payment and performance of Little Yukon Greenhouse, Inc.'s present and future debts, liabilities, obligations, and covenants. (Id. at 42). The Mortgage was dated September 29, 1999, and was filed of record in the offices of the Crow Wing County Recorder and the Crow Wing County Registrar of Titles on October 1, 1999. (Id. at 7). The maturity date on the Mortgage was September 30, 2001. (Id. at 34).

In documents dated August 26, 2016, and filed of record on September 9, 2016, the Promissory Note, the Mortgage, and the Guaranty were assigned to Defendant Doug B. Junker, the Chief Manager of Plaintiff Fish Tale Credit ("Plaintiff").[3] (Id. at 8; Mem. in Opp., [Docket No. 12], 3). At some point in September 2016, Defendant Junker assigned the Promissory Note, the Mortgage, and the Guaranty to Plaintiff, which now seeks to foreclose the mortgage.[4]

---

[3] Defendant Junker passed away on October 20, 2016, and the representative of his probate estate authorized the claims raised herein to proceed through litigation. (Mem. in Opp., [Docket No. 12], 3 & n.3).

[4] The exact date of assignment is unclear, as the Amended Complaint and Second Amended Complaint assert that the assignment documents were dated and filed of record on September 12, 2016, ([Docket No. 1-1], 14; Docket No. 1-2], 8), while Plaintiff's Memorandum in Opposition to the Motion to Dismiss asserts that "[t]he Mortgage and Loan Documents at issue in this matter were assigned to Fish Tale Credit, LLC on September 26, 2016." ([Docket No. 12], 3). Moreover, the citation to the record for the assertion in Plaintiff's Memorandum is incorrect—it cites to a paragraph in the Amended Complaint that says nothing about an assignment to Plaintiff.

## II. PROCEDURAL HISTORY

On September 23, 2016, Plaintiff filed a Complaint in Crow Wing County district court.[5] (Guilford Dec., Exh. A, [Docket No. 6-1] 2). Plaintiff initially brought suit against Junker; Deloren E. Anderson; Marilyn S. Anderson; Little Yukon Greenhouse, Inc.; Adam A. Anderson; American National Bank of Minnesota; Asset Acceptance, LLC; Annette U. Boone; Steven L. Boone; Capital One Bank (USA), N.A., f/k/a Capital One Bank; Cavalry Portfolio Services, LLC; Discover Bank; Ford Motor Credit Company, LLC; Mathias C. Justin; LVNV Funding, LLC; Midland Funding, LLC; Miller Enterprises, LLC; Kay Nicholson; David Rollins; Donna Marie Stinchfield; the United States of America, through the Internal Revenue Service; Carl Winterboer; Woodland Bank, and John Does I and II. (Sec. Amend. Compl., [Docket No. 1-2], 1; Guilford Dec., Exh. A, [Docket No. 6-1], 2-3). The named Defendants other than the Anderson Defendants and Defendant Little Yukon Greenhouse, Inc. were believed by Plaintiff to merely have the potential to "claim or have some interest" in the real property at issue; Plaintiff asserted that all such claims or interest are subordinate and junior to Plaintiff's interest. (Sec. Amend. Compl., [Docket No. 1-2], 2-7). Specifically, Plaintiff noted three Notices of Federal Tax Lien filed by the IRS against the Anderson Defendants which might affect the property in question. (Id. at 3-4; see, also, Notice of Removal, [Docket No. 1], 2-3).

In Count I, Plaintiff seeks to foreclose on the real property which is subject to the Mortgage, asserting that the Mortgage has unpaid principal and interest in the amount of $455,164.50. (Amend. Compl., [Docket No. 1-1], 13-15; Sec. Amend. Compl., [Docket No. 1-2], 7-9). In Count II, Plaintiff asks the Court to find the existence of an equitable mortgage on the

---

[5] The record here does not contain a copy of the original Complaint, only copies of the First Amended Complaint and the Second Amended Complaint, both of which were also filed in Minnesota state district court. The First Amended Complaint and the Second Amended Complaint assert identical causes of action, and this Memo assumes that the claims were at least similar in the original Complaint. Thus, the recitation of the Counts asserted by Plaintiff is based upon the claims in the Amended Complaint and the Second Amended Complaint.

3

real property in question in an amount not less than $455,164.50. (Amend. Compl., [Docket No. 1-1], 15-16; Sec. Amend. Compl., [Docket No. 1-2], 9-10). In Count III, Plaintiff brings a claim of unjust enrichment, seeking a monetary judgment in an amount not less than $455,164.50. (Amend. Compl., [Docket No. 1-1], 16; Sec. Amend. Compl., [Docket No. 1-2], 10).

On December 2, 2016, Defendant, the United States of America, removed the present case from Minnesota state district court to this Court. ([Docket No. 1]). On December 8, 2016, Defendant the United States of America filed its Answer. ([Docket No. 3]).

On January 31, 2017, Deloren E. Anderson, Marilyn S. Anderson, and Little Yukon Greenhouse, Inc. (hereinafter collectively referred to as "the Moving Defendants"), filed the present joint Motion to Dismiss. ([Docket No. 4]). In their Memorandum in Support of the Motion, the Moving Defendants ask this Court to dismiss the claims against them for failure to prosecute pursuant to Rule 41(b), and/or for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) because the claims against them are barred by the relevant statute of limitations or are otherwise fatally flawed.[6] ([Docket No. 5], 5-15).

On February 21, 2017, Plaintiff filed a Memorandum in Opposition to the Motion to Dismiss arguing that the Moving Defendants' arguments for dismissal were unavailing. (Mem. in Opp., [Docket No. 12], 1-16). On March 7, 2017, the Moving Defendants filed their Reply to Plaintiff's Memorandum in Opposition. ([Docket No. 16]). The United States has informed the Court that it takes no position on the present Motion to Dismiss. (Letter, [Docket No. 15]).

---

[6] In their Motion and Memorandum in Support, the Moving Defendants also ask this Court to dismiss the claims against them on the grounds of insufficient service of process, pursuant to Rule 12(b)(5). (See, Motion, [Docket No. 4]; Mem. in Supp., [Docket No. 5], 7-10). However, on the record at the May 4, 2017, Motions Hearing, the Moving Defendants informed this Court that they wish to withdraw their arguments regarding insufficient service of process as it relates to personal jurisdiction. The Moving Defendants no longer contend that service has not been effected upon them; their only remaining challenges to service are brought in the context of argument regarding the date and timing of effective service. (May 4, 2017, Motions Hearing, Digital Record, 10:30-33). The record before the Court reflects that the Moving Defendants were served on March 30, 2017. ([Dockets No. 50, 51, and 52]). Accordingly, the Court does not address the insufficient-service arguments further except as necessary to consider the issues which remain before the Court.

### III. MOTION TO DISMISS [Docket No. 4]

#### A. Standards of Review

"'[I]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6).'" Raymond v. Bd. of Regents of the Univ. of Minn., 847 F.3d 585, 589 (8th Cir. 2017) (quoting C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012)). When considering a motion to dismiss under Rule 12(b)(6), courts "look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir 1998)), cert. denied 525 U.S. 1178 (1999). In addition to the face of the complaint, when considering a motion under Rule 12(b)(6), the Court may consider materials "'"necessarily embraced by the pleadings and exhibits attached to the complaint."'" Carlsen v. GameStop, Inc., 833 F.3d 903, 910-11 (8th Cir. 2016). Courts must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F. 3d 818, 820 (8th Cir. 2008).

Minn. Stat. § 541.03, Subd. 1, provides: "No action or proceeding to foreclose a real estate mortgage, whether by action or advertisement or otherwise, shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage . . . ." Minn. Stat. § Subd. 2, further states: "The time within which any such action or proceeding may be commenced shall begin to run from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage."

5

Federal Rule of Civil Procedure 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

> "The power to dismiss under Fed. R. Civ. P. 41(b) is not unlimited, however." "[T]he sanction imposed by the district court must be proportionate to the litigant's transgression." "Dismissals with prejudice are drastic and extremely harsh sanction[s]." Accordingly, [the Eighth Circuit has] found such dismissals proper, "only when there has been a clear record of delay or contumacious conduct by the plaintiff[.]"

Bergstrom v. Frascone, 744 F.3d 571, 574-75 (8th Cir. 2014).

### B. Analysis

#### i. Failure to Prosecute – Rule 41(b)

The Moving Defendants ask for dismissal of the action in its entirety for failure to prosecute under Rule 41(b). (Mem. in Supp., [Docket No. 5], 11). As set forth above, dismissal under Rule 41(b) should only occur where there is a clear pattern of delay or contumacious conduct. The Court finds that the Moving Defendants have not shown such a pattern on the part of the Plaintiff here. The single case the Moving Defendants cite in support of their request for dismissal pursuant to Rule 41(b) is Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir. 1971). (Mem. in Supp., [Docket No. 5], 11). In that case, the Eighth Circuit affirmed the district court's dismissal pursuant to Rule 41(b), noting:

> [Plaintiffs'] conduct throughout the proceedings in the district court evidenced a systematic pattern to delay trial on the merits. Not only was the complaint not filed until almost six years after the fire, but proceedings were repeatedly delayed by failures to meet deadlines regarding discovery. Finally, after their motion for continuance had been denied, they filed copious interrogatories in violation of the court's discovery deadline and were apparently not prepared to go to trial even though the date had been set some nine months prior and had already been delayed for two months.

Id. at 97.

In the case presently before this Court, the only conduct the Moving Defendants point to as proof of the present Plaintiff's failure to prosecute is the fact that the maturity date on the Mortgage was September 30, 2001, and yet the present action was not initiated until September 2016. (Mem. in Supp., [Docket No. 12], 15). The Court notes, however, that the record before it shows that the interest in the Mortgage Plaintiff is seeking to foreclose was not assigned to Plaintiff until August 2016. (See, [Docket No. 1-1], 14; Docket No. 1-2], 8; [Docket No. 12], 3).

The Court agrees with Plaintiff that there is no indication in the record before the Court that this Plaintiff has engaged in a pattern of delay or contumacious conduct such as would justify a dismissal under Rule 41(b). Therefore, the Moving Defendants' argument based upon Rule 41(b) fails.

### ii. Count I -- Foreclosure

The Moving Defendants also contend that the claims against them in Count I (which seek to foreclose the Mortgage) should be dismissed because the statute of limitations on the foreclosure claim expired prior to the commencement of the case against them. (Mem. in Supp., [Docket No. 5], 11-12). In response, Plaintiff argues that the Minnesota savings statute, Minn. Stat. § 541.18, would allow it to revive its claims in Minnesota state court even if this Court dismisses the action now before it. (Mem. in Opp., [Docket No. 12], 10). In addition, at the May 4, 2017, Motions Hearing, Plaintiff argued to this Court that any statute of limitations argument raised by the Moving Defendants is not properly before this Court because the Motion to Dismiss, [Docket No. 4], did not expressly raise a statute of limitations defense. (May 4, 2017, Motions Hearing, Digital Record, 10:51-53). The Court disagrees.

The Motion unequivocally states that it "is brought under Federal Rule of Civil Procedure Rules 12(b)(5), 12(b)(6), and 41(b)." ([Docket No. 4]). A motion to dismiss a claim as barred by

7

a statute of limitations is properly brought pursuant to Rule 12(b)(6). See, Couzens v. Donohue, 854 F.3d 508, 516 (8th Cir. 2017); see, also, Wong v. Wells Fargo Bank N.A., 789 F.3d 889, 897 (8th Cir. 2015). Moreover, the Memorandum in Support of the Motion explicitly asserts that "[t]he relevant statute of limitations has expired," and presents argument that the statute of limitations bars the foreclosure claim. (Mem. in Supp., [Docket No. 5], 11-12). The Moving Defendants sufficiently raised a statute of limitations basis for their Motion to Dismiss, and this Court will address the issue.[7]

At the May 4, 2017, Motions Hearing, Plaintiff clarified that the claims in Count I are brought only against the Anderson Defendants (Deloren and Marilyn) because they are the only Defendants who hold an interest in the property which Plaintiff seeks to reach through foreclosure. (May 4, 2017, Motions Hearing, Digital Record, 10:48-49). The Anderson Defendants argue that the foreclosure claim against them should be dismissed because the statute of limitations on the foreclosure claim expired prior to the commencement (through proper service) of the case against them. (Mem. in Supp., [Docket No. 5], 11-12).

The existence of a statute of limitations defense is grounds for a Rule 12(b)(6) dismissal if the defense is established within the complaint itself. See, Couzens, 854 F.3d at 516; see, also, Wong, 789 F.3d at 897 ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred."). Although this Court "'generally must ignore materials outside the pleadings'" when considering a Rule 12(b)(6) motion to dismiss, this Court may consider "'materials embraced by

---

[7] In addition, the Court notes that the Eighth Circuit has long held that a District Court may *sua sponte* dismiss a case pursuant to Rule 12(b)(6) if it appears from the face of the Complaint that the applicable statute of limitations bars the action. See, Smithrud v. City of St. Paul, 746 F.3d 391, 396 n.3 (8th Cir. 2014) (citing Smith v. Boyd, 945 F.2d 1041, 1042-43 (8th Cir. 1991)). Therefore, even assuming solely for the sake of argument that the Moving Defendants had not expressly raised a statute of limitations basis for their Motion to Dismiss, this Court could nevertheless address whether the applicable statute of limitations requires dismissal of any of the claims in the present case.

the pleadings, exhibits attached to the pleadings, and matters of public record.'" See, Loeffler v. City of Anoka, 79 F. Supp. 3d 986, 993 (D. Minn. 2015).

Under Minnesota state law: "No action or proceeding to foreclose a real estate mortgage, whether by action or advertisement or otherwise, shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage." See, Minn. Stat. § 541.03, Subd. 1. Moreover, "[t]he time within which any such action or proceeding may be commenced shall begin to run from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage." See, Id. at Subd. 2.

Attached to the Second Amended Complaint in the present case is a copy of the Mortgage at the heart of this action, and it unequivocally sets forth that the maturity date of the debt secured by the mortgage was September 30, 2001. ([Docket No. 1-2], 34). At the May 4, 2017, Motions Hearing, Plaintiff acknowledged that September 30, 2001, is the relevant maturity date which begins the running of the statute of limitations on any foreclosure claim. (May 4, 2017, Motions Hearing, Digital Record, 10:47-48, 10:59-11:00). Thus, the statute of limitations for a foreclosure proceeding on this mortgage expired on September 30, 2016. See, Lucke v. Wells Fargo Bank, N.A., No. 13-cv-2193 (MJD/TNL), 2014 WL 12601035, *2 (D. Minn. April 2, 2014) (calculating statute of limitations on foreclosure proceeding). If Plaintiff did not commence the action against the Anderson Defendants within the statute of limitations, Plaintiff's claim for foreclosure is barred.

"The Court analyzes the sufficiency of service of process under Minnesota State Law because the action was initially filed in [Minnesota] state court." (Citation omitted). Fed. Nat'l Mortg. Ass'n v. Mashak, No. 15-cv-3791 (JRT/FLN), 2016 WL 1239248, *2 n.1 (D. Minn.

March 29, 2016). The Minnesota Supreme Court has "long held that 'service must accord strictly with statutory requirements.'" See, Jaeger v. Palladium Holdings, LLC, 884 N.W.2d 601, 609 (Minn. 2016).

> Minnesota [State] Rule of Civil Procedure 3.01 states:
>
> A civil action is commenced against each defendant:
> (a) when the summons is served upon that defendant; or
> (b) at the date of acknowledgment of service if service is made by mail or other means consented to by the defendant either in writing or electronically; or
> (c) when the summons is delivered to the sheriff in the county where the defendant resides for service, but such delivery shall be ineffectual unless within 60 days thereafter the summons is actually served on that defendant or the first publication thereof is made.

There is no contention made by Plaintiff in the present case that it successfully effected service on the Anderson Defendants under Minnesota Rule of Civil Procedure 3.01(a) prior to September 30, 2017, the date on which the statute of limitations expired. In fact, Plaintiff has submitted to the Court affidavits showing that personal service was attempted unsuccessfully on the Anderson Defendants on September 26 and 28, 2016. (Kalla Aff., Exh. B, [Docket No. 13-2], 2-5).

Plaintiff asserts that it attempted to serve the Anderson Defendants by sending copies of the Complaint "and related documents" through the U.S. Mail, none of which were returned as undeliverable. (Kalla Aff., [Docket No. 13], 2). However, Plaintiff has submitted no documentation to this Court which shows any acknowledgment by the Anderson Defendants of service by mail or any consent by the Anderson Defendants to service by mail, as would satisfy the provisions of Minnesota Rule of Civil Procedure 3.01(b).

With regards to Minnesota Rule of Civil Procedure 3.01(c), on September 27, 2017, Plaintiff delivered the summonses for the Anderson Defendants to the Crow Wing County Sheriff's Office for service. (Id. at Exh. B, [Docket No. 13-2]. 6). The Crow Wing County

Sheriff's Office was unable to locate the Anderson Defendants within Crow Wing County; the Sheriff's Office concluded its search for the Anderson Defendants on October 25, 2016. (Id. at 7-8). Again, there is no contention made by Plaintiff that the Anderson Defendants were actually ever served by the Sheriff within 60 days of the summonses for the Anderson Defendants being delivered to the Crow Wing County Sheriff's Office as would allow this Court to find that the foreclosure claim was commenced on September 27, 2016, pursuant to Minnesota Rule of Civil Procedure 3.01(c).

Plaintiff next attempted service by publication. On November 5, 12, and 19, 2016, Plaintiff published in the NewsHopper, which Plaintiff describes as "a Crow Wing County legal newspaper," a notice of "Mortgage Foreclosure Amended Summons." (Kalla Aff., Exh. C, [Docket No. 13-3], 2-3).

Minnesota Rule of Civil Procedure 4.04 states:

> **(a) Service by Publications.** Service by publication shall be sufficient to confer jurisdiction:
> . . . .
> (4) When the subject of the action is real or personal property within the state in or upon which the defendant has or claims a lien or interest, or the relief demanded consists wholly or partly in excluding the defendant from any such interest or lien;
> (5) When the action is to foreclose a mortgage or to enforce a lien on real estate within the state.
> The summons may be served by three weeks' published notice in any of the cases enumerated herein <u>when the complaint and an affidavit of the plaintiff or the plaintiff's attorney have been filed with the court. The affidavit shall state the existence of one of the enumerated cases, and that the affiant believes the defendant is not a resident of the state or cannot be found therein, and either that the affiant has mailed a copy of the summons to the defendant at the defendant's place of residence or that such residence is not known to the affiant.</u> The service of the summons shall be deemed complete 21 days after the first publication.

(Emphasis added).

The Anderson Defendants argue that Plaintiff's publication in the NewsHopper did not satisfy the requirements of Minnesota Rule of Civil Procedure 4.04. (See, Mem. in Supp., [Docket No. 5], 5-10).

The record currently before the Court contains no indication that the Plaintiff or Plaintiff's attorney ever filed with the Minnesota state district court the affidavit required by Minnesota Rule of Civil Procedure 4.04. Moreover, at the May 4, 2017, Motions Hearing, Plaintiff's counsel acknowledged on the record that Plaintiff "missed filing [the] affidavit." (May 4, 2017, Motions Hearing, Digital Record, 10:56-57). When the Court requested clarification, Plaintiff's counsel stated, "It was not filed," and further clarified that the affidavit to which he referred was the affidavit required for publication. (Id. at 10:57-58). Accordingly, on the record before the Court and based upon the representations at the May 4, 2017, Motions Hearing, Plaintiff did not file the affidavit necessary to serve the Anderson Defendants by publication in compliance with Minnesota Rule of Civil Procedure 4.04, and this failure necessarily renders ineffectual Plaintiff's attempt at service by publication as to the Anderson Defendants pursuant to Minnesota Rule of Civil Procedure 4.04. Thus, Plaintiff did not effect service upon the Anderson Defendants before September 30, 2016, the date on which the statute of limitations for a foreclosure action expired.

The mortgage foreclosure sought in Count I against the Anderson Defendants is barred by the statute of limitations.[8] Accordingly, this Court recommends **granting** the Moving

---

[8] Plaintiff argues that despite any statute of limitations, it could revive the claims under the Minnesota savings statute. (Mem. in Opp., [Docket No. 12], 10-12). The statute to which Plaintiff cites is Minn. Stat. § 541.18, which states: "Except where the Uniform Commercial Code otherwise prescribes, if judgment be recovered by plaintiff in an action begun within the prescribed period of limitations and such judgment be afterward arrested or reversed on error or appeal, the plaintiff may begin a new action within one year after such reversal or arrest." As the Moving Defendants point out, (Reply, [Docket No. 16], 9-10), this statute—by its plain language—does not apply in the facts present here: there has been no prior judgment recovered and no arrest or reversal of that prior judgment.

Defendants' Motion to Dismiss, [Docket No. 4], and **dismissing with prejudice** Count I for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

### iii. Counts II and III

The Moving Defendants also assert that Plaintiff's claim in Count II for equitable mortgage[9] and in Count III for unjust enrichment are claims upon which relief cannot be granted. (Mem. in Supp., [Docket No. 5], 13-15). In support of this argument, the Moving Defendants quote case law describing the doctrine of unclean hands and the doctrine of laches, but they fail to apply those doctrines to the facts of the case now before the Court, other than to reiterate the claim that "Plaintiff and its predecessors had at least 15 years since the maturity of this mortgage to assert a claim, and waited until the last week of the statute of limitations to take steps to enforce the mortgage." (Id. at 14).

"The doctrine of unclean hands 'is premised on withholding judicial assistance from a party guilty of unconscionable conduct.'" Finnegan v. Suntrust Mortg., 140 F. Supp. 3d 819, 835 (D. Minn. 2015) (quoting Fred O. Watson Co. v. U.S. Life Ins. Co. in City of New York, 258 N.W.2d 776, 778 (Minn. 1977)). The doctrine of unclean hands is an affirmative defense. See, Engebretson v. Aitkin Cty., No. 14-cv-1435 (ADM/FLN), 2016 WL 5400363, *10 (D. Minn. Sept. 26, 2016). As the party asserting the affirmative defense, the Moving Defendants bear the burden of proof, and the affirmative defense must be apparent on the face of the Complaint. See, C.H. Robinson Worldwide, Inc., 695 F.3d at 663-64. The face of the Second Amended Complaint reveals no indication of unconscionable conduct by this Plaintiff, so the Moving Defendants' unclean hands argument fails at this juncture.

---

[9] At the May 4, 2017, Motions Hearing, Plaintiff agreed that the claims in Count II are brought only against the Anderson Defendants. (May 4, 2017, Motions Hearing, Digital Record, 10:48-49).

13

The doctrine of laches "provides an affirmative defense that may bar a claim 'when the plaintiff is guilty of (1) unreasonable and unexcused delay, (2) resulting in prejudice to the defendant.'" McNeal v. Univ. of Minn. Physicians, No. 15-cv-3442 (RHK/JSM), 2016 WL 355069, *4 (D. Minn. Jan. 28, 2016). Laches has no application to Plaintiff's first claim—seeking foreclosure on the mortgage—because that "is a legal action governed by an applicable statute of limitations." See, Miksic v. Boeckermann Grafstrom Mayer, LLC, No. 15-cv-539 (JRT/BRT), 2017 WL 1169528, *5, n.5 (D. Minn. March 28, 2017). As to Plaintiff's remaining claims—for equitable mortgage and unjust enrichment—the Moving Defendants have failed to articulate either factor required for the application of laches as to the present Plaintiff.

However, the Moving Defendants also argue that (1) a claim of equitable mortgage must necessarily fail because there is an actual mortgage in play in this case and (2) the statute of limitations for an unjust enrichment claim bars that claim as well. (Reply, [Docket No. 16], 13).[10]

### a. Count II – Equitable Mortgage

Count II of the Second Amended Complaint states, in relevant part:

> 38. The Anderson Defendants, or an entity owned in whole or in part by the Anderson Defendants, received a loan.
> 39. The parties intended the loan to be secured by mortgages on the property as described in the Loan Documents.
> 40. The interests of justice require that this Court determine that there is an equitable mortgage on the property as described in the written Loan Documents in an amount not less than $455,164.50.

(Sec. Amend. Compl., [Docket No. 1-2], 9-10).

---

[10] The Moving Defendants raised these specific arguments for the first time in their Reply Memorandum. (See, Reply, [Docket No. 16], 11-13).Under Local Rule 7.1(c)(3)(B), "[a] reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response." See, also, Residential Funding Co., LLC v. Academy Mortg. Corp., 59 F. Supp. 3d 935, 942 n.26 (D. Minn. 2014). However, after service of process is effected, "[a] district court may dismiss a complaint sua sponte for failure to state a claim." See, Johnson v. Bloomington Police, 193 F. Supp. 3d 1020, 1022 (D. Minn. 2016); see, also, Smith, 945 F.2d at 1043. Therefore, this Court will consider all of the Moving Defendants' challenges to Counts II and III.

> An equitable mortgage is created where the "real nature of the transaction between the parties is that of a loan, advanced upon the security of realty granted to the party making the loan." The form of the transaction is not dispositive; a court is free to determine the "actual character" of a transaction.

(Citations omitted). Johnson v. Johnson, No. 12-cv-1596 (MJD), 2012 WL 5985510, *4 (D. Minn. Nov. 29, 2012).

Thus, in Count II, Plaintiff seeks relief by way of the Court finding that the transaction between the Anderson Defendants and Plaintiff's predecessor in interest (in whose shoes Plaintiff stands as the assignee) constituted an equitable mortgage. In the present case, however, there was an <u>actual</u> mortgage upon which Plaintiff could have sought (and indeed, Plaintiff seeks in Count I of the case presently before this Court) a remedy at law.

The Eighth Circuit has noted that "the great weight of authority" supports the view that equitable relief is barred "wherever time barred legal remedies would have been available to vindicate the same right." Sierra Club v. Otter Tail Power Co., 615 F.3d 1008, 1018 (8th Cir. 2010). For example, in Russell v. Todd, 309 U.S. 280, 289 (1940), the United States "Supreme Court explained that 'when the [equity] jurisdiction of the federal court is concurrent with that at law, or the suit is brought in aid of a legal right, equity will withhold its remedy if the legal right is barred by the local statute of limitations.'" Id. The Eighth Circuit recognized that other Federal Circuits have similarly focused on the basis for the claims at law and in equity, specifically quoting the Eleventh Circuit's statement that "'the civil penalties and equitable relief sought . . . are concurrent because "an action at law or equity could be brought on the same facts."'" Id. at 1019 (quoting Nat'l Parks and Conservation Ass'n, Inc. v. Tenn. Valley Auth., 502 F.3d 1316, 1327 (11th Cir. 2007)). The Eighth Circuit in Sierra Club also quoted a case in which the D.C. Circuit focused on the facts underlying the claims and barred equitable relief in a case in which the plaintiff sought both relief in equity and at law but "'there [was] in fact but a single right and

15

a single default involved.'" Sierra Club, 615 F.3d at 1018-19 (quoting Saffron v. Dep't of the Navy, 561 F.2d 938, 940 (D.C. Cir. 1977)). In Sierra Club itself, after noting the vast weight of authority outside this District, the Eighth Circuit held that because the plaintiff's civil penalty claims were barred by the applicable statute of limitations, the equitable remedies it sought for the same injuries were barred as well. Id. at 1018-19.

Following this principle, the Court finds that because Plaintiff's foreclosure claim against the Anderson Defendants is barred by the statute of limitations, the equitable remedy it seeks through recognition of an equitable mortgage is likewise barred as well.

Accordingly, this Court recommends **granting** the Moving Defendants' Motion to Dismiss, [Docket No. 4], and **dismissing with prejudice** Plaintiff's claims in Count II for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

### b. Count III – Unjust Enrichment

The Moving Defendants argue that Plaintiff's claim in Count III for unjust enrichment is itself also barred by the separately applicable statute of limitations. (Reply, [Docket No. 16], 12-13). "Minnesota's six-year limitations period generally governs unjust-enrichment claims." Whitney v. Guys, Inc., 700 F.3d 1118, 1127 (8th Cir. 2012) (citing Block v. Litchy, 428 N.W.2d 850, 854 (Minn. Ct. App. 1998) ("The applicable time limit for bringing an action in unjust enrichment is six years.")). "In Minnesota, to state a claim for unjust enrichment, 'the claimant must show that the defendant has knowingly received or obtained something of value for which the defendant "in equity and good conscience" should pay.'" Luckey v. Alside, Inc., No. 15-cv-2512 (JRT/HB), 2017 WL 1183974, *13 (D. Minn. March 29, 2017) (quoting ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc., 544 N.W.2d 302, 206 (Minn. 1996)). "Additionally, . . . 'it must be shown that a party was unjustly enriched in the sense that the term "unjustly" could

16

mean illegally or unlawfully.'" Luckey, 2017 WL 1183974, at *13 (quoting First Nat'l Bank of St. Paul v. Ramier, 311 N.W.2d 502, 504 (Minn. 1981)).

> Count III of the Second Amended Complaint states, in relevant part:
>
> 42. The Anderson Defendants received certain funds from Plaintiff.
> 43. The Anderson Defendants knew or should have known that they were obligated to repay Plaintiff or they would risk foreclosure on the property.
> 44. The Anderson Defendants did not repay Plaintiff.
> 45. It would be inequitable to allow the Anderson Defendants to keep the funds Plaintiff loaned and the property secured by the mortgages.
> 46. Plaintiff thus asks this Court for a monetary judgment in an amount not yet known with certainty but not less than $455,164.50.

(Sec. Amend. Compl., [Docket No. 1-2], 10). The Second Amended Complaint does not plead any additional alleged facts specific to the unjust enrichment claim.

At the May 4, 2017, Motions Hearing, Plaintiff's counsel argued that the unjust enrichment claim could be based upon Mr. Anderson's alleged logging of trees off of the mortgaged property in 2016, which arguably reduced the value of the property. (May 4, 2017, Motions Hearing, Digital record, 10:55-57). However, there are no factual allegations regarding logging in 2016, pled anywhere within the Second Amended Complaint or alleged in the attachments to the Second Amended Complaint. Therefore, the Court cannot consider them in the context of a Rule 12(b)(6) analysis. Riley, 153 F.3d at 629.[11]

Limiting consideration to the facts alleged in the Second Amended Complaint, construing the facts alleged in the Second Amended Complaint in the light most favorable to the Plaintiff; and making all reasonable inferences in Plaintiff's favor, Plaintiff alleges a claim of unjust enrichment based upon the Anderson Defendants' retaining the mortgaged property despite Little

---

[11] Moreover, in that the Plaintiff's claim for foreclosure in Count I is barred by the 15 year statute of limitations, the Plaintiff has no separate cognizable interest in the trees on the property at issue to prop up a claim for unjust enrichment against the Anderson Defendants.

Yukon Greenhouse and Mr. Deloren Anderson's failure to repay the separate promissory note on the 2001, loan.

In Minnesota, "[t]he statute of limitations [for claims of unjust enrichment] begins to run when the right of action accrues and when damage occurs." Block, 428 N.W.2d at 854. Therefore, in the present case, the 6-year statute of limitations for an unjust enrichment claim based upon a failure to make payments upon the promissory note on the 2001, loan began to run for the sake of argument at least by the maturity date of September 30, 2001, on the Mortgage on the realty at issue as of that date the promissory note secured by the Mortgage was in arrears since the amount of the loan was then due in full; yet no payments were made. See, e.g., Great Plains Trust Co. v. Union P. R.R. Co., 492 F.3d 986, 994 (8th Cir. 2007) (finding that unjust enrichment claim accrues under state law when the elements of (1) benefit to defendant, (2) defendant's knowledge of benefit, and (3) defendant's inequitable retention of the benefit are all present, a cause of action for unjust enrichment accrued on date that defendant failed to make the interest payment on an unsecured loan). Accordingly, here the statute of limitations on a claim of unjust enrichment expired on September 30, 2007, well before Plaintiff commenced the present action.[12] Thus, Plaintiff's claims in Count III for unjust enrichment are barred by the statute of limitations.

Accordingly, this Court recommends **granting** the Moving Defendants' Motion to Dismiss, [Docket No. 4], and **dismissing with prejudice** Plaintiff's claims in Count III for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)..

---

[12] The Court is cognizant of Plaintiff's status as a relatively recent assignee of the rights under the Promissory Note and Mortgage. However, the rights Plaintiff acquired through assignment are those rights held by its predecessors in interest. See, Bayside Holdings, Ltd. v. Viracon, Inc., 709 F.3d 1225, 1228 (8th Cir. 2013). Accordingly, Plaintiff cannot maintain this action if the statute of limitations would have barred such a claim brought by its assignor. Id.; see, also, Assoc. of Commonwealth Claimants v. Moylan, 71 F.3d 1398, 1402 (8th Cir. 1995). That is precisely the situation presently before this Court.

## IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Deloren E. Anderson, Marilyn S. Anderson, and Little Yukon Greenhouse, Inc.'s Motion to Dismiss, [Docket No. 4], be **GRANTED;** and

2. All of Plaintiff's claims in Count I against the Moving Defendants be **dismissed with prejudice;**

3. All of Plaintiff's claims in Count II against the Moving Defendants be **dismissed with prejudice**; and

4. All of Plaintiff's claims in Count III against the Moving Defendants be **dismissed with prejudice.**


Dated: June 6, 2017
s/Leo I. Brisbois
The Honorable Leo I. Brisbois
United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.